**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Secunda Williams-Starr,** | **CASE NO. 1:17 CV 2470** |
| Plaintiff, | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Key Bank,** | |
| Defendant. | |

## BACKGROUND

*Pro se* Plaintiff Secunda Williams-Starr filed this action against Key Bank. Her one-paragraph Complaint states she is filing this action under "2913.01 and so forth of all and any malicious behavior, of deception with any wiring transfores [sic] with in [sic] the bank in [sic] behalf of my late mother Annie Lee (Ford) Williams... ." (ECF No. 1 at 1). She states, without explanation, that there has been "theft, fraud, identity, and some kind of criminal behavior with money, to gain through fraudulent act." (ECF No. 1 at 2). She seeks One Trillion Dollars in damages plus the value of her mother's estate.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff's Complaint does not establish a basis for federal court jurisdiction. Federal Courts are courts of limited jurisdiction and do not have general jurisdiction to review all

questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Generally speaking, the Constitution and Congress have given Federal Courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff lists Ohio addresses for both herself and the Defendant. Moreover, all of the potential causes of action suggested in the Complaint arise, if at all, under Ohio law. No basis for Federal Court jurisdiction is stated or is otherwise apparent on the face of the Complaint.

Moreover, Plaintiff's Complaint did not meet the minimal pleading standard to state a plausible claim for relief. It is composed entirely of legal conclusions, without factual allegations to explain or support them. A pleading that offers only legal conclusions is not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

### **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Dated: 4/9/18                    Chief Judge